## FRIES *v.* GANNON.

*Contracts — Sale of realty — Stipulation for sewer, gas and water — Damages for breach may be recovered, when — Although stipulation not included in deed.*

Words in a contract for the sale of realty that "it is understood that lot has sewer, gas and water service and that all expenses for same have been paid" constitute a representation that service for each of them was supplied to the lot itself, for which all expenses had been paid; and, if the representation is not true, an action for damages may be maintained thereon, even though such representation was not included in the deed executed pursuant to the contract.

(Decided March 25, 1918.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Murray Seasongood* and *Mr. Robert P. Goldman,* for plaintiff in error.

*Mr. Robt. B. Burch* and *Mr. Wm. J. Stenger,* for defendant in error.

JONES, P. J. In the municipal court, where this case originated, plaintiff in error was the plaintiff and defendant in error was the defendant. The action was brought for damages arising because of false representations made by the defendant to the plaintiff, which substantially affected the value of the property sold by her to him and the price paid for same.

There was a written contract between the parties and the representations claimed to be false are included therein. Said contract is as follows:

"CINCINNATI, O., *Oct. 9, 1916.*

"I hereby offer to purchase the following described property:

"A lot fronting fifty feet more or less on the west side of Lavinia Ave., City of Cincinnati, and running back on the north line one hundred and thirteen and eighty-nine hundredths (113.89) feet, with a width in the rear of forty-nine and five one-hundredths (49.05) feet and being lot ——————— in———Subdivision.

"I agree to pay therefore twelve hundred dollars.
"Terms cash.

"Owner to convey by general warranty deed with release of dower. Title to be free, clear and unincumbered excepting taxes due and payable June, 1917, and thereafter, which I hereby assume' and agree to pay. It is understood that lot has sewer, gas and water service and that all expenses for same have been paid.

"In consideration of the services of The Fredk. A. Schmidt Co. in this matter this offer is to remain good for acceptance for ——————— days and thereafter until withdrawn.

"GEORGE G. FRIES.

"By E. M. Kahn, Agt.

"Accepted Oct. 9, 1916.
"ANNA M. GANNON."

Plaintiff claims that it was represented to him that the lot had sewer, gas and water service for which all the expenses had been paid, and when he came to build it developed that the only service that the lot had was gas. The words of the contract which plaintiff relied upon are: "It is under-

stood that lot has sewer, gas and water service and that all expenses for same have been paid."

Defendant claims that the meaning of said words is that there was a sewer in the street and a water main in the street, both of which were available to plaintiff if he saw fit to make connection; and that the sewer assessment had been paid and there were no charges against the lot for the water main.

The evidence convinces the court that the proper meaning to be given to the words is not that there was a water main and a sewer in the street, but that service for each of them was supplied to the lot itself. "Service" pipes for water and gas are the branch pipes which lead from the main pipes in the street into the private property; and the same would apply to sewers. They are also sometimes referred to as house connections. But as used in the contract it must be noted that it is stated the "lot" and not the street has this service, for which all expense has been paid.

The trial in the municipal court resulted in a judgment in favor of the plaintiff for fifty dollars. This judgment was reversed by the court of common pleas upon the theory that any representation made in a contract, to be available as a claim for damages, must also be included in the deed of conveyance, and, although the deed of conveyance of this property was not offered in evidence, nor is there any testimony in regard to it in the record, that court assumed there was no reference to either sewer or water service in the deed itself and that therefore the representations made in the contract did not form the basis of an action.

The learned judge relied upon the case of *Birn-bryer* v. *Lehman,* 19 N. P., N. S., 206, failing to observe that it stated as an exception to the principle announced and relied upon in this case that "the rights of the parties must be determined by the deed so given in execution of the prior agreement, *unless the elements of fraud or mistake are involved.*"

In the case at bar there is no question but that the defendant was either mistaken in regard to the sewer and water service, or that she misrepresented the same in her contract, and under such circumstances the case of *Gleason* v. *Bell,* 91 Ohio St., 268, would be applicable and must control.

The purchaser of the property was compelled to go to the expense of constructing water and sewer service pipes to connect with his property, which, under the contract, he had a right to rely upon having been already constructed and the expenses for the same paid.

The judgment of the municipal court is therefore affirmed, and the judgment of the court of common pleas is reversed.

*Judgment reversed.*

GORMAN and HAMILTON, JJ., concur.